United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41430
Summary Calendar
_____

EDUARDO RIVERO-PROENZA,

Petitioner-Appellant,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL;
DORIS MEISNER; KATHLEEN HAWK; ERNEST V. CHANDLER,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-12
--------------------

Before JOLLY, HIGGINBOTHAM, AND DAVIS, Circuit Judges.

PER CURIAM:[*]

Eduardo Rivero-Proenza, an excludable alien who arrived in the United States in the 1980 Mariel boatlift from Cuba, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, in which he sought removal from the United States and challenged the conditions of his confinement. Rivero contends that he is not asserting a right to parole or challenging the duration of his confinement per se. Instead, he argues that his continued

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

confinement is unlawful in light of the fact that he has designated a place he can be removed to without objection from anyone. Additionally, Rivero argues that the district court erred in dismissing his remaining claims for failure to exhaust his administrative remedies.

To the extent Rivero claims any right to parole or challenges the duration of his detention per se, he is not entitled to relief. See Gisbert v. U.S. Atty. Gen., 988 F.2d 1437, 1439 (5th Cir. 1993), amended by Gisbert v. U.S. Atty. Gen., 997 F.2d 1122 (5th Cir. 1993). The district court did indeed err by not addressing Rivero's claim concerning his continued detention; however, the error was harmless because Rivero's claim is frivolous.

Rivero's conditions of confinement claim is not cognizable in a 28 U.S.C. § 2241 proceeding. Claims concerning the conditions of confinement should be brought in a 42 U.S.C. § 1983 action and not in a 28 U.S.C. § 2241 proceeding. See Martinez v. Texas Ct. of Crim. Appeals, 292 F.3d 417, 420 (5th Cir.), cert. denied, 122 S. Ct. 1992 (2002). An inmate is required to exhaust his administrative remedies prior to filing a 42 U.S.C. § 1983 claim. 42 U.S.C. § 1997e. The record in this case reveals that there is an administrative remedy procedure in place to address Rivero's grievances and that he did not avail himself of that procedure. Therefore, the district court properly

dismissed Rivero's claims concerning the conditions of his confinement for failure to exhaust his administrative remedies.

In light of the foregoing, Rivero's request for appointment of counsel on appeal is denied.

JUDGMENT AFFIRMED; MOTION DENIED.